CHARLES B. SAMPSON, Respondent, *v.* F. M. SCHAFFER, Appellant.

To render a person competent to act as a juror, he must be an elector of the county in which he is returned, and have resided in the county thirty days.

APPEAL from the Tenth Judicial District, for Yuba County.

The facts upon the only point considered will be found fully stated in the opinion of the court.

*Field,* for appellant.

*Berry,* for respondent.

The opinion of the court was delivered by WELLS, Justice. HEYDENFELDT, Justice, concurred.

The defendant in the court below moved for a new trial, and assigned as one of the causes on which the motion was based, an error in the law occurring at the trial, and excepted to by him. The particular error is set forth in the statement, which is a part of the record, as follows: In the formation of the jury, one Charles Reed was called, and the court asked the counsel of the respective parties, if they had any objections to him as a juror; whereupon he was examined by the defendant's counsel, and upon such examination he stated, that he was at present a resident of Marysville, Yuba County; that he came to Marysville to reside nine days ago, and previous to that period, he had resided in Battle County. Thereupon, the defendant's counsel objected to said Charles Reed as a juror; but the court overruled the objection, and the defendant's counsel excepted to the ruling of the court. Act concerning Jurors, sec. 1, Statutes of 1852, page 107.

According to the statute, a person shall not be competent as a juror, unless "an elector of the county in which he is returned." To be an elector of a county, a person must be a resident within it for thirty days. Constitution, Art. 11, sec. 1; Act to regulate elections, sec. 10; Statutes of 1850, p. 102.

Reed was not an elector in Yuba County, where the trial was

had, and in which he was returned, and was therefore incompetent to serve as a juror.

It was a good objection, and the defendant was not obliged to resort to his peremptory challenge. The exception to the ruling of the court was well taken, and the new trial should have been granted. The order denying the motion is reversed, with costs, and a new trial is ordered.

NOTE.—An elaborate opinion has been prepared ·by me upon the propositions embraced in the appeal from the judgment of the court below, involving various other and important questions of law arising upon the trial; but not being successful in convincing my learned associate of the correctness of my conclusions upon them, no decision will be rendered thereon.